UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANGELICA CLARK, individually and on behalf of all other similarly situated consumers, | ) Case No.: )<br>)<br>) |
| Plaintiff, | ) CLASS ACTION COMPLAINT |
| vs. | ) AND JURY DEMAND )  |
| JEFFERSON CAPITAL SYSTEMS, LLC, | )<br>) |
| Defendant. | ) |

Plaintiff, Angelica Clark (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Jefferson Capital Systems, LLC (hereinafter "Defendant"), as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's attempts to collect a debt which have resulted in violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Detroit, Michigan and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of Michigan, with its corporate headquarters located at 16 McLeland Road, Saint Cloud, Minnesota 56303. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On May 15, 2020, Defendant mailed Ms. Clark an initial dunning letter.

7. The letter sought to collect an alleged debt originating from a credit card opened with Nordstrom.

8. The credit card was used for personal purchases.

9. Within the letter received by Ms. Jones, Defendant did not identify the name of the creditor to whom the debt is owed.

10. The disclosure of this information is specifically required by the FDCPA.

## FDCPA CLASS ACTION ALLEGATIONS

### The Class

11. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

12.     Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers within the United States that received collection letters similar to Exhibit A from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

13.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

14.     Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout the United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

15.     The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated or unsophisticated consumer."

16.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

17.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula

to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

18. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

19. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

20. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

21. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

22. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

23. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

24. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

26. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

28. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

29. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

30. Defendant's Collection Letter not compliant with Section 1692g(a)(2).

WHEREFORE, Plaintiff, Angelica Clark, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

    C. Award costs and reasonable attorneys' fees;

    D. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

31. Plaintiff demands a jury trial on all issues so triable.

Dated this 15th day of June, 2020.

    Respectfully submitted,

    */s/ Daniel Zemel*
    Daniel Zemel, Esq.
    ZEMEL LAW, LLC
    1373 Broad St. Suite 203C
    Clifton, New Jersey 07013
    T: (862) 227-3106
    F: (973) 282-8603
    DZ@zemellawllc.com
    *Attorney for Plaintiff*